THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT A. DUSTIN,<br><br>                Plaintiff,<br><br>       v.<br><br>MERIDIAN FINANCIAL SERVICES, INC., a North Carolina Corporation, GREGORY B. SHEPERD, President, VICTORIA KINCKE, Secretary, DANIEL MARCHESONI, Assistant Secretary, WILLIAM L. HARVEY, chairperson of the Board, JOHN GALEA, Treasurer,<br><br>                Defendant. | CASE NO. C17-1087-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for remand (Dkt. No. 3). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein and DIRECTS the Clerk of Court to remand this case back to Snohomish County Superior Court.

I. **BACKGROUND**

The Defendants in this lawsuit are a financial services corporation and its officers (hereafter "Meridian"). On September 20, 2016, Plaintiff Scott Dustin (hereafter "Dustin") initiated a lawsuit against Meridian for violations of the Washington State Consumer Protection

Act. (Dkt. No. 9-1 at 3.) On that day, Dustin served Meridian's registered agent with a summons and complaint. (Dkt. No. 3-1.) At the time of service, the summons and complaint had not been filed in state court. (Dkt. No. 8 at 2.) The summons named the Snohomish County Superior Court as having jurisdiction over the matter and stated:

> You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

(Dkt. No. 9-1 at 3.)

Meridian never demanded that Dustin file its complaint in state court. (Dkt. No. 8 at 2.) Over the following months, Dustin and Meridian conducted settlement negotiations. (*Id.*) On May 18, 2017, Dustin informed Meridian that he would be filing the previously served complaint and summons in Snohomish County Superior Court. (*Id.* at 3.) On June 13, 2017, Dustin filed the complaint and summons. (*Id.*) On June 29, 2017, Dustin emailed Meridian a copy of the filed complaint and summons, along with an acceptance of service form. (*Id.* at 3-4.) Meridian never signed the forms. (*Id.* at 2.)

On July 18, 2017, Meridian filed a motion to remove the case to this Court. (Dkt. No. 1.)

## II. DISCUSSION

### A. Legal Standard for Removal and Remand

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). There is a "strong presumption" against removal, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

A defendant must remove a lawsuit to federal court within the time limits established by 28 U.S.C. § 1446(b). That statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge a motion for removal based on procedural defects, and move to remand a case to state court within 30 days after the filing of the notice of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).

**B.  Defendant's Notice of Removal Was Untimely Under § 1446(b)**

Neither party challenges the Court's subject matter jurisdiction over this lawsuit; rather, the disagreement is over whether Meridian's motion to remove was timely filed. (Dkt. Nos. 3 and 8.) Dustin argues that Meridian had to seek removal within 30 days of being served with a summons and complaint on September, 20 2016. (Dkt. No. 3 at 3.) Meridian counters that the complaint it received had not been filed in state court and therefore did not trigger the removal deadline of § 1446(b). (Dkt. No. 8 at 6.) Meridian's position boils down to this: "It is impossible for a defendant to 'remove' a lawsuit which had not yet been filed." (*Id*. at 5.)

      1.  <u>A lawsuit does not have to be filed in state court prior to removal</u>

Filing a lawsuit in state court is not a condition precedent to its removal to federal court. The Supreme Court has interpreted § 1446(b) to determine what circumstances initiate the 30-day window for a defendant to remove a lawsuit from state court. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In *Murphy Bros.*, the Court held that the triggering event for the 30-day limit of § 1446(b) is "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 348.

Applying that standard, the Court determined that receipt of a faxed copy of a complaint, unaccompanied by a summons or formal service of process, did not trigger the defendant's time to remove under § 1446(b). *Id*. at 356. Underlying the Court's interpretation of § 1446(b) was the principle that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347. The Court concluded that a defendant is not required to remove a lawsuit until she is formally served with a complaint and thereby subject to a court's authority. *Id.* at 356.

Notwithstanding the standard established in *Murphy Bros.*, Meridian contends that "a party may not remove a case to federal court before it has commenced in state court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); (Dkt. No. 8 at 5.) While this may be true, Meridian incorrectly assumes that a lawsuit only "commences" once it is filed. (*Id*. at 5.)

When dealing with cases removed from state court, federal courts are bound by state rules and laws regarding the commencement of a civil action. *Bush*, 425 F.3d at 686 ("A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." (citing *Herb v. Pitcairn*, 324 U.S. 117, 120 (1945))). While the filing of a complaint normally commences a lawsuit, that is not true in all jurisdictions. *Compare* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."), *with Murphy Bros.*, 526 U.S. 344 at 351-52 (noting that in some states, such as New York, service of the summons commences the action).

In Washington, a lawsuit can be commenced either by service of a summons and complaint or by filing a complaint. *See* Wash. Rev. Code § 4.28.020; Wash. Civ. R. 3(a); *Seattle Seahawks, Inc. v. King County*, 913 P.2d 375, 376 (1996) ("CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons or by the filing of a complaint.") Once a lawsuit is commenced, a court is deemed to have acquired authority and jurisdiction over all subsequent proceedings. *See* Wash. Rev. Code § 4.28.020; *Seattle Seahawks, Inc.*, 913 P.2d at 376. Under Washington law, a defendant's 30 day clock for filing notice of

removal begins either when she is served with summons and complaint, or when the complaint is filed in court because at that point the defendant has been "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347.

> 2. Meridian Failed to Remove the Lawsuit Within 30 days of Being Served with a Summons and Complaint

Here, Meridian's 30-day clock to remove Dustin's lawsuit began running when its registered agent was served with the summons and complaint on September 20, 2016. It is uncontested that Meridian was served on that day. (Dkt. No. 8 at 2.) Nor does Meridian argue that Dustin's method of service was deficient or failed to conform to Washington's Superior Court Civil Rules. (*Id.*) Having been properly served with a summons and complaint, Meridian had until October 21, 2016 to file its notice of removal; however, it did not seek removal until July 18, 2017, a date well beyond the 30-day limit of § 1446(b). (*See* Dkt. No. 1.)

Meridian argues that "If Plaintiff was correct that service of an unfiled Summons and Complaint was sufficient, a plaintiff could avoid removal in every case by serving the unfiled Complaint more than 30 days prior to filing the lawsuit." (Dkt. No. 8 at 5.) Meridian's position is neither supported by the removal statute nor Washington law.

Meridian ignores that under Washington's Civil Rules a defendant can compel a plaintiff to file an unfiled complaint. See Wash. Civ. R. 3. ("Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void.") In fact, the summons Dustin served on Meridian contained that exact language and provided Meridian the opportunity to force Dustin to file his complaint. (Dkt. No. 9-1 at 3.) Meridian did not take action and instead chose to wait to file its notice of removal until Dustin filed his complaint in Snohomish County Superior Court. (Dkt. No. 8 at 4.)

Meridian has not demonstrated that its notice of removal was timely filed under the requirements of § 1446(b). The Court therefore REMANDS this case back to the Snohomish

County Superior Court.

### C. The Court is Awarding Attorney Fees Because Defendant's Motion for Removal Was not Objectively Reasonable

If a district court remands a case removed from state court it may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A frivolous removal action that provides no basis for removal is not objectively reasonable. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir.2006)).

Dustin asks the Court for attorney fees asserting that it is "unthinkable that Defendants did not know that service of an unfiled summons and complaint upon a corporation's registered agent for service of process is valid in Washington State …" (Dkt. No. 10 at 7.) Dustin further argues that Meridian's attempt to remove and then oppose remand was a tactic meant to delay and increase the costs of litigation. (*Id.*) Accordingly, Dustin asks for $3,150 in attorney fees for the nine hours spent writing the motion for remand and reply brief. (*Id.*)

The Court is troubled by Meridian's response to Dustin's motion to remand—both in the content of its argument, or lack thereof, as well as the language in which it was delivered. In its response, Meridian conclusively argues that "it is impossible for a defendant to 'remove' a lawsuit suit which has not yet been filed." (Dkt. No. 5 at 7). Yet, it did not cite to a single case that bolsters that assertion. As noted in Section B, *supra*, that position is not supported by federal or state law regarding removal under § 1446(b).

Not only did Meridian make conclusory statements about the strength of its position, it attacked the legitimacy of Dustin's basis for remand: "Plaintiff's motion is frivolous" (Dkt. No. 8 at 1.); "[Plaintiff's motion] is without authority" (*Id.* at 5); and "Plaintiff's counsel's own conduct undermines the very position Plaintiff has taken in this Motion." (*Id.* at 6.) The Court

will not condone these types of statements, particularly when Meridian failed to address, much less counter, Dustin's legal arguments for its motion to remand.

Given this, the Court finds that Meridian's basis for removal was not objectively reasonable and awards Dustin attorney fees in the amount of $3,150. The Court finds that these fees are reasonable given that counsel for Dustin spent approximately nine hours drafting its motion for remand and reply brief at an hourly rate of $350. (Dkt. No. 10-1.)

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for Remand (Dkt. No. 3) is GRANTED. Plaintiff is AWARDED $3,150 in attorney fees. The Clerk of Court is DIRECTED to remand this case to the Snohomish County Superior Court.

DATED this 31st day of August, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE